### THE STATE v. ODELL.

1. **Criminal Law:** INDICTMENT: NUISANCE. An indictment alleging that the defendant kept a house of ill fame, resorted to for the purpose of prostitution and lewdness, "and at which prostitution and lewdness were carried on and permitted, to the disturbance of others," was *held* to sufficiently charge the offense of nuisance under section 4091 of the Code.

*Appeal from Polk District Court.*

MONDAY, DECEMBER 13.

ON the 26th day of March, 1874, the defendant was indicted for the crime of nuisance, committed as follows: "The said Mary Odell, on the 1st day of April, A. D., 1873, in the County of Polk aforesaid, and on each day from then until the finding of the indictment, did unlawfully erect, cause, continue and keep a house of ill fame, resorted to for the purpose of prostitution and lewdness, at No. 117 Walnut street, East

Des Moines, in said county; at which said house prostitution and lewdness was then carried on and permitted, to the disturbance of others, and to the common nuisance of the public, contrary to the forms of the statute in such cases made and provided, and against the peace and dignity of the State of Iowa."

The defendant appeared in court, answered that her name was E. J. Odell, and pleaded not guilty. She was tried, found guilty, and sentenced to the payment of a fine of two hundred dollars and costs. Defendant appeals.

*McHenry & Bowen*, for appellant.

The gravamen of the indictment must be particularly alleged and charged. (*Martle v. The State*, 3 Ind., 535; 1 Greenl. on Ev. § 66.) When a particular statute is relied upon the indictment should conform to the statute, and should embrace its substance. (*Updegraff v. The Com.*, 6 Sarg. & Rawle, 5; *U. S. v. Dickey*, 1 Morris, 412.) The defendant should not be tried for one crime when charged with another. (*The State v. Boyle*, 28 Iowa, 522; *The State v. Krouse*, 29 Id., 118; *The State v. McNally*, 32 Id., 580.)

*M. E. Cutts, Attorney General*, for the State.

DAY, J.—The only point relied upon by appellant is that defendant was indicted and tried under section 4091 of the Code, for keeping a nuisance, and that the indictment does not *charge* the crime of keeping a nuisance. It is claimed that the indictment comes nearer charging the offense of keeping a house of ill fame, under section 4013 of the Code. In this position appellant is clearly and manifestly wrong. Section 4091 of the Code is as follows: "Houses of ill fame, kept for the purpose of prostitution and lewdness, gambling houses, or houses where drunkenness, quarreling, fighting or breaches of the peace are carried on or permitted, to the disturbance of others, are nuisances, and may be abated and punished as prescribed in this chapter."

Section 4013 provides: "If any person keep a house of ill

fame, resorted to for the purpose of prostitution or lewdness, he shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars."

The punishment under section 4091 may extend to fine of one thousand dollars, and the abatement of the nuisance. A careful examination of these statutes will discover that section 4013 punishes the keeping of a house of ill fame resorted to for the purpose of prostitution and lewdness, while section 4091 punishes the keeping of a house of ill fame for the purpose of prostitution and lewdness, to the disturbance of others. It is this element of disturbance to others which constitutes the nuisance and aggravates the offense to such a degree that the fine authorized by the latter statute is double that permitted by the former.

The indictment alleges that the defendant kept a house of ill fame, resorted to for the purpose of prostitution and lewdness, *and at which prostitution and lewdness were carried on and permitted*, to the disturbance of others. Perhaps the indictment would have been sufficient if the italicised portion had been omitted. But its insertion does not warrant the conclusion that the offense of nuisance is not charged. The disturbance to others, the distinctive element of nuisance, is distinctly charged.

We have no doubt that the defendant was properly tried and convicted.

AFFIRMED.